In the United States District Cour for the Central District of Illinois

Henry Mounson,
    Plaintiff,
vs.
Gretchen C. Imhoff et. al.,
    defendants.

No. 17-3204

SCANNED at PCC and E-Mailed
9/14/17 (date) by [initials]
10 (# of pages)

## Complaint

Now come Plaintiff Henry Mounson, pro se, for his complaint against Gretchen C. Imhoff

### Nature of Complaint

1). This is an action brought pursuant to 42 USC-§1983 to remedy the deprivation, under color of law, of rights guaranteed by the 8th. Amendment to the U.S. Constitution. This lawsuit is also being brought pursuant to 735 ILCS 5/2-622 Healing Arts Malpractice.

### Jurisdiction And Venue

2). The court has jurisdiction over the Federal claims pursuant to 28 USC 1331 as they arise under the 8th. Amendment of the United States Constitution under 42 U.S.C. §1983. The state law claims are so closely related to the Federal claims as to creat supplement jurisdiction under 28 U.S.C. §1367(a).

3). Venue is proper in this distnct pursuant to 28 U.S.C. §1391 because all of the events giving rise to

2).

the Claims assented herein occured in Springfield, Illinois

4). This court is vested with authority to grant the requested declatory relief by operation of 28 U.S.C. § 2201 et seq and 740 ILCS 23/5.

5). This court has authority to issue the requested damages under 28 U.S.C. § 1343(3).

## Parties

6). Plaintiff Henry Mounson is an incarcerated U.S. citizen at Pontiac, IL. 61764.

7). Defendant Gretchen C. Imhoff is a surgeon at Memorial Medical Center hospital located in Springfield Illinois

## Allegations common to All counts

8). The Plaintiff, a 56 years old male who had an allegedingly history of laryngeal carcinoma. But medical records reveal it were a Bacterial Fungating infection. Several years ago, Plaintiff was treated with IMRT. The Plaintiff was complaint with his therapy and did recieve most of his course; however, he had multiple interruptions due to staff misconduct and/or harassment, etc... The Plaintiff suffered from airway obstruction of cyst tumors, dysphagia, and weight loss and vocal cords removal.

2).

3).

9). On February 19, 2009, Plaintiff was transferred to Memorial medical center hospital in Springfield, Illinois from Herrin hospital, in Herrin, Illinois, from his prison cell at now closed supermax prison Tamms correctional center, where staff infected me with the Bacterial agent and harassed me during the radation therapy treatments and doctor, Melvin Powers lied claiming I had cancer, in which caused me to under went a totally unnecessary radiation treatment, which later resulted in undergoing a total laryngectomy surgery- removal of both of my vocal cords and neck dissections of ugly uneven scars.

10). After informed consent was obtained (sick as I was, I didn't know what I signed up for) from Plaintiff, the Plaintiff was brought to the operating room and placed on the operating table in the supine position. (No one explained any surgical procedures to me prior to surgery) General endotrachel onesthesia was initiated with a nberoptic intobation.

11). The Plaintiff's bed was then turned 90 degrees, anahe was prepped and draped in the usual standard fashion for a total laryngectomy and neck dissections.

12). Defendants Gretchen C. Imhoff made incisions so un-even on Plaintiff's neck like he was drunk. First planning out where his laryngectomy stoma was placed approximately 2 c.m. over his sternal notch.

3).

4).

An incision was then planned out connecting his mastoid processes bilaterally. Incision was made through deeper structures using bovie cautery as well. The Platysma was identified and divided, and the subplatysmal plane was raised superiorly and inferiorly. The skin flaps were then secured using 2-0 silk superiorly, exposing neck contents.

13). Defendant Imhoff began Plaintiff's neck dissections first by defining the anterior border of the sternocleidomastoid muscle on the right and dissecting the fascia off this muscle adding surgical clips (2). Imhoff then followed the muscle superiorly to the accessary nerve, which was found easily on the right and followed medially until it connected with the anterior aspects of level IIA. Imhoff then followed this posteriorly and found an enlarged lymph node in level IIA. Imhoff removed this lymph node with the IIA and went ahead and dissected out level IIB by following the digastric muscle posteriorly to the muscular floor of the neck and then taking down the fibrofatty tissue from the floor of the neck, bringing this underneath the accessory nerve amputating it.

14). Plaintiff's surgical site was sutured and dressed.

4).

5).

15). In May of 2016 while litgating a prior lawsuit reviewing medical records from an x-ray conducted in February 11, 2010, Plaintiff discovered that defendant Imhoff did not remove the surgical metal clips which the x-ray reports state they project over the lungs apieces bilaterally. See Ex. A, attached hereto which constitutes medical negligence and deliberate indifference to Plaintiff's health.

### Allegations of Law

16). All acts of defendant were done under color and pretense of state law.

### Count I

Violations of cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution.

17). The allegations contained in all preceding paragraphs are incorporated here by reference.

18). Defendant failure to remove the (2) two surgical clips from Plaintiff's neck/lungs constitutes cruel and unusual punishment under the 8th. Amendment to the U.S. Constitution.

19). Defendants are being sued in their individual capacity

### Count II

Violations of the Illinois Healing Acts Mal-

5)

6).

practice.

20). The allegations contained in all preceding paragraphs are incorporated herein by reference.

21). Defendant's failure to remove the 2 surgical clips from Plaintiff's neck/lungs constitutes medical malpractice

22). Defendant is being sued in her individual capacity.

## Prayer for Relief

23). Granting Plaintiff Henry Mounson a declaration that the failure to remove the 2 surgical clips from his neck/lungs violated the constitution and law of the United States and the state of Illinois.

24). Granting Plaintiff Henry Mounson compensatory damages in the amount of $500,000.00 against defendants.

25). Plaintiff Henry Mounson seeks punitive damages in the amount of $1,000,000.00 (1) million dollars.

26). Any additional relief this court deems just, proper and equited-equialateral

Respectfully Submitted by
Mr. Henry Mounson
Mr. Henry Mounson, N-73406
P.O. Box #99
Pontiac, Il. 61764.

6).

*Exhibit A*

## OneRadiology

Normal, Illinois 61761

February 17, 2010

Patient Name: Mounson, Henry

Patient No# N73406

DOB: 4/1/61

Ordered by: Dr. Powers

Tamms Correctional Center

CHEST X-RAY TWO VIEWS         2/11/2010

INDICATION: Allergy.

TECHNIQUE: Two views.

FINDINGS: There is no focal consolidation, pleural effusion or pneumothorax. The cardiac silhouette and pulmonary vascularity are within normal limits. The visualized osseous structures are unremarkable. Surgical clips project over the lung apices bilaterally.

IMPRESSION: No acute cardiopulmonary pathology.

Signed _____
X. Austin, M.D.

XA:eg

DIC: 2/17/2010 Films from Tamms Correctional Center

MD REVIEW
DATE: 18 Feb 10
☐ PULL CHART
☐ SEE PATIENT
☑ FILE
NURSE REVIEW: JO
DATE: 2/18/10

*Exhibit A*

IDOC Pontiac Med Recs 000551

NOV-18-2009 10:52   FROM:HERRIN HOSP HI ROI 6183514939        TO:916187472461         P:2/2

# HERRIN HOSPITAL

201 SOUTH 14TH
HERRIN, IL 62948
618-942-2171

## DIAGNOSTIC IMAGING REPORT

| | | |
|---|---|---|
| PATIENT: MOUNSON, HENRY | ACCT: H20110209895 | MR#: HH00167812 |
| DOB: 04/01/1961 | PT LOC: HOIMG | ORDER#: RAD20091109-0024 |
| ORD MD: POWERS, MARVIN MD | COPY TO: POWMAR | EXAM DATE/TIME: 11/09/09 1100 |

REASON FOR ADMISSION: DYSPHAGIA
SIGNS AND SYMPTOMS: DYSPHAGIA

EXAM DESCRIPTION:  RAD MODIFIED BARIUM SWALLOW(VIDEO)                         11/09/09 1219

EXAM: Modified barium swallow

Indication: Dysphagia.

Comparison: None.

FINDINGS / IMPRESSION: The patient was administered various consistencies of barium and barium coated solids under the direction of a speech pathologist. Video fluoroscopic imaging was performed. The patient is status post total laryngectomy. The swallowing mechanism is grossly normal. There is mild reflux of contrast seen into the distal cervical esophagus.. Please refer to the speech pathology report for details.

Electronically signed by: JUSTIN HODGE M.D.
Date:  11/09/2009
Time:  12:41
11/09/09 1310

TR: CF
DP: HODJUS

DD: 11/09/09 1241
DT: 11/09/09 1241

DOC ID: 1109-0333
JOB ID: