E-FILED
Thursday, 05 October, 2017 02:23:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

HENRY MOUNSON, )
)
)
    Plaintiff, )
)
    v. ) 17-CV-3204
)
GRETCHEN C. IMHOFF, )
)
    Defendants. )
)

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from Pontiac Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

must be provided to "'state a claim for relief that is plausible on its face.'" <u>Alexander v. U.S.</u>, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

The Defendant is allegedly a surgeon at Memorial Medical Center in Springfield, Illinois, who performed a laryngectomy and neck dissection on Plaintiff in February 2009. A chest x-ray done one year later reported surgical clips were seen over the lung apices. Plaintiff alleges that the surgeon should have removed the clips. Plaintiff pursues an Eighth Amendment claim and a claim for malpractice.

No plausible inference arises that Defendant is a state actor. Only state actors, typically government employees, can be sued for constitutional violations under 42 U.S.C. § 1983; *see also* <u>Shields v. IDOC</u>, 746 F.3d 782 (7th Cir. 2014)(SIU doctors who saw inmate one time for consult were not state actors). That Plaintiff is an inmate does not transform everyone who provides him medical care into a state actor. <u>Walker v. Benjamin</u>, 293 F.3d 1030, 1037 (7th Cir. 2002)(quoted cites omitted)("'Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. . . .'")(quoted cite omitted).

Plaintiff's malpractice claim against Defendant is a state law claim, not a federal claim. McGee v. Adams, 721 F.3d 474, 481 (7th Cir. 2013)("'Deliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts.'") Since Plaintiff has no federal claim against Defendant, the Court cannot take supplemental jurisdiction over the malpractice claim.

**IT IS ORDERED:**

1)   Plaintiff's complaint is dismissed with prejudice for failure to state a federal claim pursuant to 28 U.S.C. § 1915A. Any amendment would be futile because the surgeon who operated on Plaintiff is not a state actor.

2)   Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3)   If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present

on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

4) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

5) **The clerk is directed to record Plaintiff's strike in the three-strike log.**

6) **If not already done, the clerk is directed to grant Plaintiff's petition to proceed in forma pauperis for the purpose of allowing Plaintiff to pay the filing fee in installments.**

7) **The clerk is directed to close this case and enter judgment.**

ENTERED: 10/05/2017

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
